Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7879 | **DATE** | AUG 2 9 2002 |
| **CASE TITLE** | Whitmore v. Hurley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for summary judgment is denied. Plaintiff's motion to subpoena documents [27-1] and motion letter for appointment of counsel [33-1] are denied without prejudice.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 3 0 2002 | |
| | Notified counsel by telephone. | date docketed | 53 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| CLH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY WHITMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 00 C 7879 |
| | ) | |
| OFFICER HURLEY, et al., | ) | HONORABLE JAMES B. ZAGEL |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gary Whitmore, currently an inmate at Stateville Correctional Center, has filed this lawsuit, alleging violations under 42 U.S.C. §1983.

On April 19, 2001, the court granted the motion to dismiss filed by Defendant Dr. Dunlap. Defendants Officers Hurley and Boyle have filed a motion for summary judgment and supporting documents. Plaintiff Whitmore has filed a Declaration in Opposition to Defendants' Motion for Summary Judgment Pursuant to Local Rule 56.1 (b). In these documents, Whitmore stated "under penalty of perjury" that a number of facts were in dispute. The defendants filed responsive documents on June 14, 2002. For the following reasons, defendants' motion for summary judgment is denied.

**Preliminary Motions**

Whitmore filed a motion letter for appointment of counsel in which he states that he is not qualified to do legal work. It is an abuse of discretion for a court to consider a motion to dismiss or a motion for summary judgment before ruling on a motion for appointment of counsel. *Brown-Bey v. United States*, 720 F.2d 467, 471 (7th Cir. 1983); *Pierce v. United Parcel Service*,

No. 01 C 5690, 2002 WL 992624 * 3 (N.D. Ill. 2002) *citing Brown-Bey*. After reviewing Whitmore's pleadings to date, the court concludes that he is able to represent himself at this stage of the proceedings. *See Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981). Moreover, as explained later in this opinion, defendants' motion for summary judgment is being denied; Whitmore accordingly is unable to show any detriment because he has not been represented by counsel. His motion is denied without prejudice.

Whitmore has also moved to subpoena documents. He seeks to obtain his medical records from Cermak Health Services and investigation reports from the Investigations Bureau of Cook County as to the incident on December 14, 1998. These are records that Whitmore should be able to obtain on his own. His motion is accordingly denied without prejudice.

**Standard of Review on a Motion for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In short, summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to summary judgment as a matter of law. *See O'Connor v. DePaul University*, 123 F.3d 665, 669 (7th Cir. 1997), citing *Celotex* at 322. In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. *See Regner v. City of Chicago*, 789 F.2d 534, 536 (7th Cir. 1986). When the district court is presented with a motion for summary judgment, it is not the district court's role to sift through the evidence and decide whom to believe. The court will, however, enter summary judgment

against a party who does not come forward with evidence that would reasonably permit a finder of fact to find in his or her favor on a material question. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Thus, to defeat a motion for summary judgment, the nonmoving party must come forward with appropriate evidence demonstrating that there is a pending dispute of material fact. *Id.* at 921. He or she must set forth specific facts showing that there is a genuine issue for trial, i.e., that there is sufficient evidence allowing a jury to return a verdict in favor of the nonmoving party. *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994).

## Facts

Whitmore's complaint alleges that on December 14, 1998, while he was a pretrial detainee at Cook County Jail, certain officers at the Criminal Court Building used excessive force and that he suffered a broken rib for which he was never treated. It further alleges that he filled out a grievance form at Cook County Jail, where he was housed in Division Nine; that he received no response to this grievance form; that he did not appeal; and that he wrote the Cook County Investigation Bureau about this matter.

## Analysis

In their motion for summary judgment, the defendants argue they are entitled to summary judgment because (1) Whitmore failed to exhaust all administrative remedies that were available to him, and (2) "defendant Hurley" has been improperly identified.

1. <u>Failure to Exhaust All Available Administrative Remedies</u>

Section 1997(e) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "no action shall be brought with respect to prison conditions under [§1983] by a prisoner...until such

3

administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Defendants argue that Whitmore did not exhaust all of the administrative remedies available to him.

According to the defendants, the Cook County Department of Corrections (CCDOC) has established a grievance procedure that is available to all inmates. Detainees who wish to file a grievance are required to fill out an inmate grievance form. A copy of the Detainee Grievance Procedure order is attached to defendants' Statement of Material Facts as Exhibit 4.

As the defendants acknowledge, Whitmore alleges that he "made some effort to utilize the CCDOC's grievance procedures, although he fails to allege when he filed his grievance." But they add that he did not appeal, offering "no explanation as to why he chose not to appeal." The defendants argue that Whitmore's "own allegations demonstrate that he failed to follow through on his initial effort to utilize the grievance procedures" and thus "failed to comply with the requirements of the PLRA." The defendants add that Whitmore's "vague allegation that he filed a grievance and [does not] know the status is insufficient to demonstrate a general issue of material fact for trial. Rather, [he] must come forward with specific evidence to substantiate his allegation."

In all of his documents filed with the court, all filed "under penalty of perjury," Whitmore repeatedly maintains that he filed a grievance form at Cook County Jail on December 23, 1998, and gave it to the correctional rehabilitation worker (CRW) in Division Nine, but that the CRW did not give him a written copy of (or to) "the findings" of the grievance form. In his deposition, he repeated that he filed a written grievance and that he did not know the status of it because "They didn't get back with me. They didn't say nothing." Deposition, pp. 74-75. He also stated that he complained about the excessive force used against him to Cook County investigators and

4

that the individual investigator he spoke with was "a male black guy. I believe his name was Williams.... I spoke to him on [a] court date [right before I got convicted in July 2000]." Deposition, pp. 73-74.

Whitmore has done more than make a "vague allegation that he filed a grievance and doesn't know the status." He has stated the date on which he filed it; has described the jail employee with whom he filed it; has stated that the employee did not give him a written copy of any findings that followed; has alleged that he received no response to his grievance; has stated that he wrote the Cook County Investigation Bureau about his case; and has described his encounter with a Cook County investigator. He has also used the Freedom of Information Act to request copies of the duty roster on December 14, 1998, in an attempt to properly identify one of the defendant officers. All of these statements, most of which were sworn to and made under penalty of perjury, represent more than a "vague allegation that he filed a grievance and doesn't know the status."

Defendants have cited *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999), in support of their position. In *Perez*, a federal inmate filed a lawsuit under §1983 because he was unhappy with the medical treatment he was receiving. According to the court, he filed his lawsuit before attempting to obtain administrative review of his complaint regarding his medical treatment. Perez claimed that exhaustion would be "futile," but the Seventh Circuit regarded his argument as "guesswork," noting that "No one can *know* whether administrative requests will be futile; the only way to find out is to try." *Id.* at 534-36. The facts in *Perez* are very different from those alleged by Whitmore because Perez never claimed that he filed a grievance; he simply claimed that filing one would in his case be futile. By contrast, Whitmore

5

has repeatedly claimed under oath that he filed a grievance, but that his grievance has been ignored. For this reason, *Perez* is not a useful precedent here.

Similarly, the ruling in *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999), states that the "potential effectiveness of an administrative response bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures." But the inmate in *Massey* failed to allege that he had sought any administrative relief before bringing his lawsuit, while Whitmore has alleged that he attempted to obtain such relief.

Moreover, several district court opinions in similar cases have pointed in the opposite direction. In *Jones v. DeTella*, 12 F. Supp. 2d 824 (N.D. Ill.1998), for example, the court noted that the inmate alleged that he had filed grievances or otherwise notified the defendant of his grievances. Although the grievance process had more success for Jones than it has had for Whitmore, Jones never received a response to his inquiries following a hearing. The court concluded that Jones "should not be penalized by the court for inaction on the part of [the administrator]" and held that his actions concerning his grievance met the statutory requirement for exhaustion of administrative remedies. *Id.* at 826. Similarly, Whitmore should not be penalized for inaction on the part of officials at Cook County Jail.

In another case, an inmate filed a grievance with the Illinois Department of Corrections [IDOC], but what happened to that grievance was "a mystery." The court concluded that the inmate had "made reasonable efforts to have his grievance addressed," but IDOC had not responded to the grievance within the required time frame. The court refused to read the PLRA "so narrowly as to require an inmate to do more than is required of him by the administrative process, or to permit IDOC to exploit the exhaustion requirement through indefinite delay in

6

responding to grievances." *Goodman v. Carter*, 2001 WL 755137 at *3 (N.D. Ill. July 2, 2001). Here, Whitmore has also made reasonable efforts to have his grievance addressed, and the CCDOC should not be allowed to exploit the exhaustion requirement through delay or other inaction.

Courts in other districts have reached similar conclusions. For example, in *Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999*, 2000 WL 274184 (S.D.N.Y. March 13, 2000) (99 Civ. 3455 DLC), the court ruled that because the inmate asserted that he had been "frustrated" in his attempts to file grievances with the prison authorities, the inmate had raised issues of fact regarding his efforts to exhaust. The court therefore refused to dismiss the complaint on that basis at that point in the proceedings. *Id.* at *3. Similarly, in *Rodriguez v. Hahn*, 2000 WL 1738424 (S.D.N.Y. Nov. 22, 2000) (99 Civ. 11663 VM), the inmate argued that he had filed grievances concerning the denial of medical treatment, thus disputing the defendants' argument that he had not filed a grievance. The inmate filed some documents, such as letters, with the court, and although the court concluded that these documents possibly did not constitute grievances as defined by state law, they evidenced "a reasonable attempt to exhaust," especially where the inmate claimed that corrections officers never filed some of his grievances. The court there refused to grant defendants' motion to dismiss for failure to exhaust remedies. *Id.* at *1-2. In a third case, *O'Connor v. Featherston*, 2002 WL 818085 (S.D.N.Y. Apr. 29, 2002), the inmate claimed that he filed a grievance regarding the use of excessive force, but the state claimed to have no record of it. The court concluded that although the inmate may have failed to exhaust the technical requirements of the grievance procedures, "it cannot be said that his efforts to comply...were not substantial or reasonable." *Id.* at *3. The inmate's letters "to

inquire about the status of the investigation–which seems to have stalled--evidence an attempt to exhaust at least this avenue." In light of the defendants' conduct, the court stated that they "cannot be heard to argue that [the inmate's] claims are nevertheless dismissed for failure to exhaust the grievance procedures." The court requested further information from the defendants "to understand precisely what transpired." *Id.*

Several appellate court rulings have also reached similar conclusions. In a recent ruling, *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001), the court held that a "remedy" is not "available" when prison officials prevent an inmate from "utilizing" it. *See also Shah v. Quinlin,* 901 F.2d 1241, 1244 (5th Cir. 1990) (holding that dismissal was premature where a *pro se* inmate showed a "substantial effort to obtain an administrative remedy" and alleged that irregularities in the administrative process itself prohibited him from exhausting those remedies); *Holloway v. Gunnell,* 685 F.2d 150, 154 (5th Cir. 1982) (holding that a *pro se* complaint should not be dismissed when an inmate "has made detailed allegations showing a substantial effort to obtain an administrative remedy").

Finally, although the defendants argue that the recent decision by the U.S. Supreme Court in *Porter v. Nussle,* 534 U.S. 516 (Feb. 26, 2002), requires that this court hold in favor of the defendants, the court disagrees. Like Whitmore, Nussle--the inmate in *Porter*--alleged that he was the victim of excessive force and filed an action under §1983, but Nussle never filed a grievance under the procedures that applied in his state of Connecticut. Thus, he "bypassed the grievance procedure" and did not comply with the PLRA. *Id.* at 983. The Court concluded that the purpose of the PLRA was clear: Congress wanted to give corrections officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.*

8

at 988. Although Nussle argued for an exception to the PLRA requirement in cases alleging excessive force, the Court refused to endorse that exception, suggesting that prison authorities had "an interest in receiving prompt notice of, and opportunity to take action against, guard brutality...." *Id.* at 992.

In the case before this court, the rule stated in *Porter v. Nussle* is not in question, but it also does not support a ruling in favor of the defendants. Unlike Nussle, Whitmore did not attempt to bypass the grievance procedure at the CCDOC. He has stated repeatedly under oath that he filed a written grievance, and he has made detailed allegations supporting the conclusion that he made a substantial effort to obtain a remedy under that procedure but never received a response to that effort. The defendants' argument essentially relies on the apparently slipshod treatment of grievances at the CCDOC, where Whitmore's grievance seems to have been either deliberately or negligently ignored by the authorities. The court therefore denies the motion for summary judgment, filed by the two remaining defendants, on the ground of failure to exhaust available administrative remedies.

2. Identification of "Defendant Hurley"

In his complaint, Whitmore sued a defendant he identified as "Hurley," a "Deputy Sheriff" employed at 2650 S. California Ave. in Chicago. Two other officers, defendants Boyle and Clark, were also identified in the complaint as deputy sheriffs employed at the same address. The defendants' motion for summary judgment argues that Whitmore "has failed to properly identify Defendant Hurley" as a defendant, creating an independent basis "to grant Defendant Herlihy's Motion for Summary Judgment in this case."

The facts regarding this issue appear to be that Whitmore sued an officer he called

"Hurley," claiming that he was one of two deputy sheriffs who used excessive force on him on December 14, 1998, but that no one named Hurley was employed by the Sheriff's Office at that time. Defendants' Statement of Material Facts ¶¶ 16-17. Deputy Sheriff Timothy Herlihy, however, was employed as a Cook County Sheriff's Deputy on December 14, 1998. The defendants argue that Herlihy was assigned to "work the front door area at 26th and California and worked at that location his entire shift" on that day. Herlihy himself has stated that he was not involved and has no knowledge of any incident involving Gary Whitmore that day. *Id.* at ¶ 20. Defendant Boyle also states that Herlihy was not present when Boyle was involved with Whitmore on that day. *Id.* at ¶ 21. Defendant Herlihy maintains that Whitmore is "confused and mistaken with regard to Deputy Herlihy" because Herlihy was never in the courtroom where Whitmore appeared on December 14, 1998. Affidavits filed by Herlihy, Boyle, and two other employees of the Sheriff's Department support this position.

In his declaration in opposition to the motion for summary judgment, however, Whitmore has responded that although he misspelled Herlihy's last name, he was able to identify Herlihy by his badge number, 2700. Whitmore states that Herlihy struck him repeatedly in the stomach area with his fist, that both Herlihy and Boyle pushed him into a corridor where Herlihy resumed striking him, and that Herlihy pinned Whitmore to the ground so that Boyle could place Whitmore's hands in handcuffs.

In addition, in Whitmore's deposition he stated that he recognized Deputy Hurley (a/k/a Herlihy) as an officer he had seen in the courthouse on at least one previous occasion (Deposition, pp. 27-28); stated that Hurley participated in the beating Whitmore received on December 14, 1998 (pp. 46-52, 56); and described Hurley's physical appearance (pp. 53-54).

10

In view of these statements by Whitmore, a finder of fact could make a reasonable inference that Whitmore correctly identified Timothy Herlihy as one of the two officers who used excessive force on Whitmore at the courthouse on December 14, 1998. An inmate who is struck and pinned to the ground by an officer could easily note that officer's badge number, and his recollection of the name ("Hurley") was very close to that of the officer's actual name ("Herlihy"). Whitmore's statements, made under oath, therefore are evidence of a disputed material fact. For this reason, the defendant's motion for summary judgment on this ground is also denied.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment is denied. Plaintiff's motion to subpoena documents and motion for appointment of counsel are denied without prejudice.

Enter:

James B. Zagel
United States District Judge

Date: 29 Aug 2000